659 A.2d 297

## CHAMBCO, A DIVISION OF CHAMBERLIN WATERPROOFING & ROOFING, INC.

v.

## URBAN MASONRY CORPORATION.

No. 142, Sept. Term, 1994.

Court of Appeals of Maryland.

June 7, 1995.

418

Herman M. Braude (Braude & Margulies, P.C., both on brief) Washington, DC, for petitioner.

Stephen M. Seeger (Lyon and McManus, on brief) Washington, DC, for respondent.

Argued Before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

ELDRIDGE, Judge.

The dispute which gave rise to this case involves the following factual allegations. Chambco was the roofing subcontractor on a construction project at 701 and 801 Pennsylvania Avenue, in the District of Columbia. Chambco had installed roof flashing on the new buildings, some of which was located in areas where Urban, the masonry subcontractor, would later install masonry. When Urban performed the masonry work, it allegedly damaged some of the flashing that had been installed by Chambco. Chambco replaced the damaged flashing at a cost of over $100,000.00.

The construction project gave rise to litigation in the Superior Court of the District of Columbia. Later, Chambco filed a complaint in the Circuit Court for Montgomery County, naming Urban as the sole defendant. The complaint alleged the facts set forth above and contended that Urban was liable to Chambco in damages under a negligence theory.

Neither party gave notice of an intent to rely on foreign law pursuant to Maryland Code (1974, 1995 Repl.Vol.), § 10–504 of the Courts and Judicial Proceedings Article. Instead, the parties and the circuit court proceeded upon the assumption that the case was governed by Maryland tort law. At trial, Urban raised two legal defenses. It contended that Chambco had no cause of action in negligence against Urban because, under Maryland law, recovery in negligence for purely eco-

nomic loss requires either privity between the parties or risk of personal injury, and neither was present here. In addition, Urban argued that the District of Columbia suit barred relitigation of Chambco's claims under principles of res judicata or collateral estoppel. The trial court entered judgment for Urban. In an oral explanation of the grounds for its ruling, the circuit court stated both that Chambco, under Maryland law, had no tort cause of action against Urban and that the suit was barred by principles of res judicata and/or collateral estoppel.

Chambco appealed to the Court of Special Appeals. The Court of Special Appeals, also applying Maryland law, affirmed, holding that "[a]bsent privity of contract, there is no cause of action [for negligence] available by Chambco against Urban." *Chambco v. Urban Masonry*, 101 Md.App. 664, 681, 647 A.2d 1284, 1292 (1994). In light of its negligence holding, the Court of Special Appeals did not reach the alternate ground relied on by the trial court.

Chambco filed in this Court a petition for a writ of certiorari, raising the question of whether Maryland law authorized a tort remedy under the circumstances. We granted the petition, but we shall not reach the issue of tort law debated by the parties.

■■■ Maryland adheres to the principle of *lex loci delictus* for determining what jurisdiction's tort law applies in tort actions. *See, e.g., Ward v. Nationwide Ins.*, 328 Md. 240, 253–254 n. 8, 614 A.2d 85, 91 n. 8 (1992); *Hauch v. Connor*, 295 Md. 120, 123–124, 453 A.2d 1207, 1209 (1983); *Frericks v. General Motors Corp.*, 274 Md. 288, 296, 336 A.2d 118, 123 (1975), and cases there cited. Consequently, the law of the District of Columbia governs the tort issue in the present case.

As mentioned earlier, Code (1974, 1995 Repl.Vol.), § 10–504 of the Courts and Judicial Proceedings Article, provides that a party to an action may rely on applicable foreign law and provides that notice shall be given to adverse parties. In the present case, however, no party gave notice as provided by the statute.

Where the parties to an action fail to give the statutory notice of an intent to rely on foreign law, and where it is clear that one or more issues in the case are controlled by another jurisdiction's law, a court in its discretion may exercise one of two choices with respect to ascertaining the foreign law. First, the court may presume that the law of the other jurisdiction is the same as Maryland law. Alternatively, the court may take judicial notice of the other state's law. *See generally Frericks v. General Motors Corp., supra,* 274 Md. at 296–297, 336 A.2d at 123. This discretion may be exercised by either the trial court, or by an appellate court on direct appeal, or by this Court after issuing a writ of certiorari.[1] In the present case, if the underlying issue of tort law must be reached, we exercise our discretion to require that the law of the District of Columbia be ascertained and applied.

Since the Court of Special Appeals affirmed the judgment of the circuit court on the basis of Maryland tort law, the judgment of the Court of Special Appeals shall be vacated. On remand, the Court of Special Appeals should decide the res judicata/collateral estoppel issue which formed the alternate ground for the trial court's judgment in Urban's favor. If the trial court's judgment may properly be upheld on the res judicata/collateral estoppel ground, the Court of Special Appeals should affirm the judgment. If the Court of Special Appeals concludes that the circuit court's judgment cannot be affirmed on this alternate ground, then the appellate court should vacate the judgment of the circuit court and remand the case to that court. Upon remand, the parties may submit

---

1. Thus in the *Frericks* case this Court stated (274 Md. at 296–297, 336 A.2d at 123):

   "The respondents are, in effect, asking us to take judicial notice of North Carolina law in spite of their failure to comply with § 10–504.... [W]e may in our discretion take judicial notice of foreign law where the statutory notification was not given and proof of the foreign law was not presented, *Harry L. Sheinman & Sons v. Scranton Life Ins. Co.,* 125 F.2d 442, 444 (3d Cir.1942); *M.N. Axinn Co. v. Gibraltar Development,* 45 N.J.Super. 523, 133 A.2d 341, 347 (1957); *Litsinger Sign Co. v. American Sign Co.,* 11 Ohio St.2d 1, 227 N.E.2d 609, 613–614 (1967)...."

**422**

memoranda and arguments to the circuit court with respect to the applicable tort law of the District of Columbia. The circuit court should then resolve the case in accordance with District of Columbia law.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED. CASE REMANDED TO THAT COURT FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS IN THIS COURT TO BE PAID ONE-HALF BY THE PETITIONER AND ONE-HALF BY THE RESPONDENT. COSTS IN THE COURT OF SPECIAL APPEALS TO BE DETERMINED BY THAT COURT.*